UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRANDI R.

        **Plaintiff,**

v.                                                                     6:15-CV-943 (NAM)

COMMISSIONER OF SOCIAL SECURITY,

        **Defendant.**
_____

**Appearances:**

Steven R. Dolson, Esq.
126 N. Salina Street, Suite 3B
Syracuse, NY 13202
*Attorney for Plaintiff*

Prashant Tamaskar, Esq.
Social Security Administration
Office of Regional General Counsel, Region II
26 Federal Plaza - Room 3904
New York, NY 10278
*Attorney for Defendant*

**Hon. Norman A. Mordue, Senior United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

Plaintiff commenced this action on August 4, 2015, seeking review of the Commissioner's denial of her application for social security disability benefits under the Social Security Act. (Dkt. No. 1). The Court issued a Memorandum-Decision and Order on September 30, 2016, granting Plaintiff's motion for judgment on the pleadings, reversing the Commissioner's decision, and remanding the matter. (Dkt. No. 18). On December 16, 2016, the

parties agreed that Plaintiff be awarded attorney's fees under 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"), in the amount of $2,500.00.  (Dkt. Nos. 22, 23).  On remand, on or about May 11, 2020, Plaintiff received a fully favorable decision on her disability claim. (Dkt. No. 24-3, pp. 1–9).

On May 21, 2020, Plaintiff filed the instant motion for $20,700.00 in attorney's fees pursuant to 42 U.S.C. § 406(b), further stating that upon payment, counsel will refund the previously awarded EAJA fees.  (Dkt. No. 24).  In response, "the Commissioner requests that the Court determine the timeliness of Plaintiff's counsel's Section 406(b) Fee Petition as well as the reasonableness of the Section 406(b) request."  (Dkt. No. 26)

**II.     DISCUSSION**

  **A. Timeliness**

As an initial matter, the Court finds that Plaintiff's motion is timely, having been filed within 10 days of the notice of favorable decision.  *See* Fed. R. Civ. P. 54(d)(2)(B)(i); *Sinkler v. Berryhill*, 932 F.3d 83, 90 (2d Cir. 2019) (recognizing that a claim for attorney's fees must be made by motion within 14 days after counsel receives notice of the benefits award).

  **B. Merits**

Section 206(b) of the Social Security Act provides that whenever a court renders a judgment favorable to a claimant who was represented before the court by an attorney, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  42 U.S.C. § 406(b).  Section 406(b) does not supplant contingency fee arrangements, but does require the court to engage in an independent analysis to assure that

the result dictated by the contingency arrangement is reasonable given the circumstances of the particular case at hand.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807–08 (2002).  The Court should look first to the contingent-fee agreement, and then test for reasonableness based on the character of the representation and the results the representative achieved.  *Id.* at 808.  "If benefits are large in comparison to the amount of time counsel spent on a case, a downward adjustment is [] in order."  *Id*. (citations omitted).  In other words, the reviewing court must ensure there is no windfall to the attorney.  *Id.* (citation omitted).

In this case, counsel has submitted a copy of the Retainer Agreement signed by Plaintiff, which provided that she would pay 25% of past due benefits upon successful litigation.  (Dkt. No. 24-3, p. 11).  Plaintiff's counsel was undeniably successful, having challenged the initial denial, and obtained judgment on the pleadings in this Court, a fully favorable decision on remand, and an award of benefits.  Plaintiff now seeks $20,700.00 in attorney's fees, which was calculated using the number of hours counsel spent on the case (13.8), his hourly rate ($300), and a multiplier of five.  (*See* Dkt. No. 24-1).

Plaintiff's counsel states that this sum is less than 25% of the amount awarded to Plaintiff in past due benefits ($124,286.00), which would be $31,071.50.  (*Id.*, ¶ 14).  Counsel also has a request pending with the Administrative Law Judge to "charge and collect a fee of $17,610.00 for work done at the Administrative level in her case."  (*Id.*, ¶ 15).  The Court notes that the latter sum does not count against the *statutory* 25% limit.  *See Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019) (finding that "the 25% cap in § 406(b)(1)(A) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)").

Even when a requested fee is within the statutory 25% limit, it must still be reasonable for the services rendered. Here, the services primarily consisted of writing and filing Plaintiff's brief, (Dkt. No. 24-1, pp. 3–4), which led to the remand and ultimately the award of benefits. Based on this success, counsel seeks to multiply his hourly rate by five, which would yield $1,500/hour. (Dkt. No. 24-2, p. 7). However, this rate is excessive under the circumstances. First, Plaintiff's case was not particularly complex, and the bulk of the work appears to have been done at the administrative level. Second, were Plaintiff's counsel to receive $17,610 in fees for work at the administrative level *and* $20,700 in fees here, the total of $38,310 would exceed the 25% limit in the Retainer Agreement. (*See* Dkt. No. 24-3, p. 11).

Therefore, it is reasonable to reduce the fees awarded here in order to make the expected total for counsel reach exactly 25%. To do so, the Court will order the award of $13,461.50 in attorney's fees. The resulting hourly rate ($975.47) is more in line with rates authorized in similar cases in the past. *See Juanita Marie D. v. Comm'r of Soc. Sec.*, No. 6:16-CV-1457, 2019 WL 2053849, at *3, 2019 U.S. Dist. LEXIS 78122, at *8 (N.D.N.Y. May 8, 2019) ("Here, the Court finds that the agreement reasonably limits counsel to an award of 25% of past due benefits, regardless whether it is recouped for work performed at the administrative level or on appeal."); *Daniel J. M. v. Comm'r of Soc. Sec.*, No. 5:16-CV-01466, 2019 WL 477898, at *6, 2019 LEXIS 19866, at *15 (N.D.N.Y. Feb. 7, 2019) (approving hourly rate for Mr. Dolson of $593.37 and citing cases with rates for other attorneys ranging from $643.49 to $1,000 per hour).

### III.   CONCLUSION

For these reasons, it is therefore

4

**ORDERED** that Plaintiff's motion (Dkt. No. 24) for attorney's fees pursuant to 42 U.S.C. § 406(b) is **GRANTED** in the amount of $13,461.50; and it is further

**ORDERED** that upon payment, counsel for Plaintiff shall refund the previously awarded Equal Access to Justice Act fees to Plaintiff.

**IT IS SO ORDERED**.

Date:   June 26, 2020
        Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge